UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EL MOCTAR EL MAALOUM,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2471

Honorable Robert J. Jonker

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny without prejudice the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner from detention. (Pet., ECF No. 1, PageID.10.) In an order entered on September 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response September 8, 2026. (ECF No. 8.) Petitioner filed a reply on September 11, 2026. (ECF No. 10.)

## II. Factual Background

Petitioner is a native and citizen of Mauritania who entered the United States in or around 2023. (Cook Decl. ¶ 4, ECF No. 9-1, PageID.62; 2025 Form I-213, ECF No. 9-4, PageID.72; Post Order Custody – Interview Worksheet, ECF No. 1-1, PageID.18.) On November 12, 2023, United States Border Patrol encountered and arrested Petitioner and served Petitioner with a Form I-862, Notice to Appear (NTA), charging him as subject to removal under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA). (NTA, ECF No. 9-2, PageID.66.) Petitioner was subsequently released from custody on an order of recognizance. (Order of Release on Recognizance, ECF No. 9-3, PageID.70.) On December 8, 2025, ICE agents arrested Petitioner. (2025 Form I-213, ECF No. 9-4, PageID.74.) On January 27, 2026, an Immigration Judge ordered Petitioner removed to Uganda pursuant to an Asylum Cooperative Agreement between the United States and Uganda. (Removal Order, ECF No. 9-5, PageID.80.) Petitioner did not appeal that order,[1] rendering it final on or about February 26, 2026.[2]

Petitioner was originally scheduled for a removal flight on May 26, 2026; however, that removal mission was cancelled. (Cook Decl. ¶ 9, ECF No. 9-1, PageID.63.) On June 30, 2026, ICE Detroit Enforcement and Removal Operations reached out to ICE Headquarters, requesting an update on the status of future Asylum Cooperative Agreement removals. (*Id.*) ICE Headquarters responded by "stating that due to a current Ebola outbreak there are no future removal missions scheduled to Uganda at that time." (*Id.*)

---

[1] *See* Automated Case Information, https://acis.eoir.justice.gov/en/ ("A-Number," enter "245452503, "Nationality," enter "Mauritania," select "Submit") (last visited Sep. 9, 2026).

[2] For the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals (BIA) affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). Petitioner had 30 days from the date of the decision to appeal to the BIA. 8 CFR § 1003.38, 8 CFR § 1240.15

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

The parties agree that Petitioner is subject to a final order of removal. As a result, Petitioner's present detention is governed by 8 U.S.C. § 1231. Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* The statute further provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court considered whether 8 U.S.C. § 1231(a)(6) authorizes indefinite detention when no other country is willing to take the alien. 533 U.S. at 682. In answering that question, the Court noted that the purpose of the statute was to assure the "alien's presence at the moment of removal." *Id.* at 699. Therefore, the Court concluded that for post-removal detention to be authorized by the statute, the removal itself must be reasonably

foreseeable. *Id.* The Court indicated that this inquiry would vary from case to case and that there was no specific point in time at which the detention would become constitutionally impermissible. *Id.* Still, to assist the lower courts in making the difficult judgment calls about when the detention was no longer authorized by the statute, the Court designated six months as a "presumptively reasonable period of detention." *Id.* at 701. Even after six months, though, the Court made clear that the alien may continue to be held unless the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Under this framework, it is a petitioner's burden to come forward with evidence showing that removal is not significantly likely to occur sometime soon. *Id.* Only after a petitioner has come forward with such evidence does the burden flip to the respondents, who must then present evidence that the removal is, in fact, reasonably foreseeable. *See Abdalla v. Johnson*, No. 16-14422, 2017 WL 345731, at *4 (E.D. Mich. Jan. 24, 2017) (rejecting a petitioner's claim that detention of more than a year violated *Zadvydas* when the petitioner "provide[d] no evidence" that removal was unlikely to occur in the near future).

Here, Petitioner has been detained for a little over six months since his January 27, 2026, order of removal became final. Petitioner argues that there is a good reason to believe that no significant likelihood of removal exists because, despite his compliance with removal efforts, ICE has been unable to remove him to Uganda. He notes that Respondents have confirmed that "that due to a current Ebola outbreak there are no future removal missions scheduled to Uganda at that time." (Cook Decl. ¶ 9, ECF No. 9-1, PageID.63.) Petitioner presents no evidence regarding how long this situation is reasonably likely to persist (*see* Reply, ECF No. 10 at PageID.84–85.)

Under these circumstances, assuming without deciding that Petitioner has presented "good reason" to believe that "there is no significant likelihood of removal in the reasonably foreseeable

future," *Zadvydas*, 533 U.S. at 701, the Court notes that Respondents have come forward with evidence indicating that they are likely to remove Petitioner in the "reasonably foreseeable future" (*see* Response, ECF No. 9 at PageID.57–58; Cook Decl. ¶ 10–13 (indicating that Respondents continue to monitor the status of the Ebola outbreak in Uganda and to track Petitioner's case as part of ongoing removal efforts.) The Court also notes that Petitioner is barely outside the six-month presumptively reasonable detention period. *See Zadvydas*, 533 U.S. at 682. Taken together with the evidence submitted by Respondents, at this point in time, Petitioner is not in the state of "indefinite, perhaps permanent, detention" that would violate the Constitution under applicable Supreme Court case law. *Id.* at 699; *see also Martinez v. Larose*, 968 F.3d 555, 565 (6th Cir. 2020) (holding that a detention of over two years was constitutionally permissible because the removal was likely to occur once Petitioner's appeals were concluded).

The Court recognizes that continued detention may, over time, come to resemble the kind of indefinite confinement that *Zadvydas* may not permit. "[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely [has] to shrink." *Zadvydas*, 533 U.S. at 701. Courts applying this principle recognize that even where the government continues to pursue removal in good faith, the passage of time can eventually erode the reasonableness of continued detention. *See Martinez*, 968 F.3d at 565 (explaining that prolonged detention may become unreasonable if the petitioner later demonstrates that removal is no longer likely). Here, however, the Court is not yet faced with that situation. At this point, it seems to the Court that Petitioner's removal remains significantly likely in the reasonably foreseeable future. Accordingly, the petition will be denied without prejudice. Should the government's efforts to secure removal ultimately stall or fail to bear fruit, Petitioner remains free to file a new petition asserting that continued detention is no longer reasonable.

Accordingly, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## V. Other Claims and Other Forms of Relief

Because the Court will deny Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: September 16, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge